```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
              3:08CV209-02-MU
```

| | | |
|---|---|---|
| **NICHOLAS HARDING,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| **RICHARD CULLER, Private At-** | ) | |
| **torney,** | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint brought under 42 U.S.C. §1983, filed May 1, 2008, and on his request for the appointment of counsel. For the reasons stated herein, Plaintiff's Complaint will be <u>dismissed</u> and his request for counsel will be <u>dismissed</u> as moot.

By his Complaint, Plaintiff alleges that Defendant, an attorney who was appointed to represent him on charges which are pending against him in Mecklenburg County, has denied him access to the Courts. That is, Plaintiff, who is a pre-trial detainee, alleges that he has had several scheduled hearings over the preceding two years; that Defendant consistently has notified him that such hearings were scheduled; that on one occasion, Defendant asked him to sign a waiver of appearance form, waiving his right to appear at a calendar call which had been scheduled in his case; and that despite Defendant's notifying him about his

scheduled hearings, he has "been restricted from appearing . . . " at all of those proceedings.  By way of relief, Plaintiff seeks both injunctive relief, and he seeks thousands of dollars in compensatory and punitive damages.  Plaintiff also seeks the appointment of counsel to represent him in the instant action.

Notwithstanding his obvious belief to the contrary, however, Plaintiff's Complaint must be summarily dismissed for its failure to state a federal claim for relief.

Indeed, it is well settled that neither privately retained counsel, court-appointed counsel, nor public defenders are subject to liability under 42 U.S.C. §1983 absent a showing that they somehow acted under "color of law" at the time of their alleged deprivations.  Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel).

Here, Plaintiff's allegations boil down to a claim that hearings have been scheduled in his State criminal case; that on a single occasion, Defendant sought to have his waive his right to appear for a calendar call; and that he has never appeared for any of his proceedings.  Suffice it to say, such allegations do not set forth any facts to establish that Defendant was the cause for Plaintiff's non appearances, assuming such hearings even were

conducted. To put it simply, Plaintiff's allegations do not set forth any matters upon which, if proven, this Court could base a conclusion that Defendant, while acting under color of law, committed a constitutional violation against Plaintiff. Therefore, Plaintiff's allegations do not rise to the level of stating a federal constitutional violation.

Finally, inasmuch as Plaintiff's Complaint will be dismissed, his request for counsel also will be dismissed as moot.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the instant Complaint is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief can be granted. See 28 U.S.C. §1915A(b)(1); and

2. That Plaintiff's request for the appointment of counsel is **DISMISSED** as moot.

**SO ORDERED.**

Signed: May 7, 2008

Graham C. Mullen
United States District Judge